IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY D. WHITE,
    Plaintiff,

vs.                                                 Case No.: 3:19cv3591/LAC/EMT

SECRETARY AND REPRESENTATIVES
OF THE FLORIDA DEPARTMENT OF
CORRECTIONS,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") proceeding pro se and in forma pauperis, commenced this action on September 24, 2019, by filing a civil rights complaint (ECF No. 1). Presently before the court is Plaintiff's First Amended Complaint (ECF No. 9).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by Plaintiff, it is the opinion of the undersigned that all of Plaintiff's claims against all Defendants should be dismissed.

Page 2 of 16

I. BACKGROUND

Plaintiff names eight Defendants in this case: (1) Mark Inch, Secretary of the FDOC; (2) Captain "B," a captain at Walton Correctional Institution; (3) Officer Britton, a correctional officer at Walton C.I.; (4) Sergeant Stewart, a correctional officer at Walton C.I.; and (5)–(8) four deputy clerks in the Clerk's Office of the Circuit Court in and for Pinellas County, Florida, who Plaintiff identifies by initials "P.R.," "M.T.," "M.S.," and "K.K." (ECF No. 9 at 1–3).[1] Plaintiff claims that Defendants violated his rights under the First, Eighth, Thirteenth, and Fourteenth Amendments by denying him access to the courts (*id.* at 8–16). Plaintiff seeks compensatory and punitive damages against Defendants in their individual capacities (*id.* at 3, 16).

II. STATUTORY SCREENING STANDARD

Because Plaintiff is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines that Plaintiff's allegations fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The statutory language "tracks the language of Federal Rule of Civil

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

Procedure 12(b)(6)," therefore, dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light most favorable to Plaintiff. *See Davis v. Monroe Cty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The court may consider documents attached to a complaint or incorporated into the complaint by reference, as well as matters of which a court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *Saunders v. Duke*, 766 F.3d 1262, 1272 (11th Cir. 2014).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

III. PLAINTIFF'S FACTUAL ALLEGATIONS

The court includes factual allegations from Plaintiff's First Amended Complaint (ECF No. 9) and any clarifying facts included in his initial Complaint (ECF No. 1).

A.  FDOC Defendants

On October 26, 2018, Plaintiff received an order from the Florida Second District Court of Appeal ("Second DCA") in Case No. 2D18-4259 informing him that his appeal of the lower court's denial of post-conviction relief would proceed as a summary appeal, and although Plaintiff was not obligated to file a brief, that an optional brief must be served within thirty days (of October 26, 2018) (*see* ECF No. 1-1 at 20). This is confirmed by the online state court docket in Second DCA Case No. 2D18-4259, which is attached to this Report and Recommendation and of which the court takes judicial notice.[2, 3]

---

[2] Plaintiff is advised that if he disputes the accuracy of the facts taken from the state court's online docket, or if he otherwise wishes to be heard on the propriety of the court's taking judicial notice of those facts, he must do so in an objection to this Report and Recommendation. *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–53 (11th Cir. 2020) (district court properly took judicial notice where petitioner had opportunity to object to report and recommendation after magistrate judge took judicial notice of dates from petitioner's state court dockets, but petitioner did not ask to be heard, dispute accuracy of judicially noticed facts, or indicate he lacked the ability to dispute state court dockets).

[3] Plaintiff also attached, to his First Amended Complaint, a copy of an order issued by the Second DCA in another appeal, Case No. 2D16-122 (*see* ECF No. 9 at 18). According to the Second DCA's online docket, that case was Plaintiff's direct appeal of his criminal judgment and sentence (*see* attached Second DCA Docket, Case Number 2D16-122). Plaintiff was represented

Plaintiff states on November 14, 2018, the Law Library Supervisor, an inmate law clerk, and Plaintiff prepared envelopes addressed to the Second DCA and the Florida Attorney General's Office for Plaintiff to mail a "Motion to Extend Time to File Initial Brief" and "Motion to Toll Time Until the Court Rules on Defendant's Motion to Extend Time" in Second DCA Case No. 2D18-4259 (*see* ECF No. 1 at 5–6; ECF No. 1-1 at 16, 24–27). Plaintiff states he intended to mail the motions the next day, on November 15, 2018 (*id.*).

Plaintiff states on November 15, 2018, at 6:00 a.m., Defendant Officer Britton came to the center gate and asked inmates if they had any legal mail (ECF No. 9 at 8; ECF No. 1-1 at 1–5). Plaintiff states this was an unusual time for legal mail collection, so he did not have his legal mail with him (ECF No. 1 at 6). Plaintiff states he returned to the dormitory and collected his legal mail, but when he asked the officer on duty if legal mail was being collected, the officer responded, "No, not yet" (ECF No. 1 at 7; ECF No. 1-1 at 1–5). Plaintiff states at 11:00 a.m., he asked Defendant Sergeant Stewart when the legal mail would be collected, and Stewart

---

by Assistant Public Defender Ivy R. Ginsberg in the direct appeal (*see id.*). The court issued the order on October 31, 2016, two years prior to the events at issue in the instant civil rights case. It thus does not appear to be relevant to this case.

Case No.: 3:19cv3591/LAC/EMT

responded that it would be collected after lunch (ECF No. 1 at 7; ECF No. 1-1 at 1–5). Plaintiff states at 2:00 p.m., Stewart threatened to use force if Plaintiff did not sit on his bunk and wait to be called for legal mail collection (ECF No. 9 at 19–10; ECF No. 1 at 7; ECF No. 1-1 at 1–5). Plaintiff states no one ever collected legal mail that day (ECF No. 1-1 at 5).

Plaintiff states between 2:00–3:30 a.m. on November 16, 2018, Defendant Captain "B" sprayed him with chemical agents four times in a 20–30-minute period (ECF No. 9 at 10–11). Plaintiff states the use of force was "unjust" because he did not endanger any officer or threaten any officer's life (*id.* at 11–12). Plaintiff states the use of force impeded his ability to file his motion to extend time in the Second DCA (*id.* at 12).

Plaintiff states he filed administrative grievances concerning the officers' failure to collect legal mail on November 15 (*see* ECF No. 9 at 12, 20; ECF No. 1-1 at 9–15). Plaintiff states one of Defendant Secretary Inch's representative denied his administrative appeal (ECF No. 9 at 12).

Plaintiff states he was in restrictive confinement from November 16 to at least November 29, 2018, with no ready access to his legal materials or writing supplies (*see* ECF No. 1-1 at 9–10). Plaintiff states on November 26, 2018, he re-dated the

"Motion to Extend Time to File Initial Brief" and "Motion to Toll Time Until the Court Rules on Defendant's Motion to Extend Time" with that day's date (*see* ECF No. 1-1 at 24–27). He states he prepared an envelope to send the motions to the Second DCA, but he could not complete the proper mailing address due to the limited access to his legal materials and writing supplies (*see id.* at 8, 17). Plaintiff states the motions were "re-directed" to the state circuit court instead of the Second DCA, and the circuit court returned them to him on December 4, 2018 (*see id.* at 8, 18). By January 17, 2019, Plaintiff had been transferred to another institution, Jefferson C.I. (*see id.* at 11).

Plaintiff states nine months later, in August of 2019, he filed a "Motion for Continuance of a Cross Appeal" and a "Motion for Pleading and Correspondence" in Second DCA Case No. 2D18-4259 (ECF No. 1-1 at 45–48; *see also* attached Second DCA Docket, Case Number 2D18-4259). In the Motion for Continuance, Plaintiff recited his efforts to mail the previous motions in November of 2018, and Plaintiff described his efforts to obtain copies of trial exhibits submitted in his criminal case (specifically, three photographs admitted by the State as Exhibits 2D, 2E, and 2F) (*see* ECF No. 1-1 at 45–48). In the August 2019 motions, Plaintiff noted that the Second DCA had not yet issued a final decision in the post-conviction

appeal, and he requested a 60-day extension of time to submit documents in the appeal (*id.*). On October 18, 2019, the Second DCA denied Plaintiff's "Motion for Continuance of a Cross Appeal" and "Motion for Pleading and Correspondence" and affirmed the lower court's denial of Plaintiff's motion for post-conviction relief (*see* attached Second DCA Docket, Case Number 2D18-4259). *See White v. State*, 2019 WL 5288352, at *1 (Fla. 2d DCA Oct. 18, 2019).

### B.   Deputy Clerk of Court Defendants

Plaintiff's access-to-courts claims against the deputy clerks of the Pinellas County Clerk of Court's Office concern his efforts to obtain the three photographs admitted by the State at Plaintiff's criminal trial, Exhibits 2D, 2E, and 2F, which Plaintiff wished to submit to the Second DCA in support of his post-conviction claims in Case No. 2D18-4259 (*see* ECF No. 9 at 13–14). On October 19, 2018, while the post-conviction appeal was pending, Plaintiff sent a request to the Pinellas County Clerk's Office for copies of the three photographs (*see* ECF No. 1-1 at 28, 30, 32). On October 26, 2018, he received a response from Deputy Clerk "MT" notifying him that if he could not pay the filing fees or service charges related to the appeal, he must complete and file an application for indigent status (ECF No. 9 at 22). Deputy Clerk "MT" enclosed the application with the response (*see id.*).

On January 29, 2019, Plaintiff sent a second request for the photographs (*see* ECF No. 1-1 at 29). On February 4, 2019, Deputy Clerk "KK" sent a response informing Plaintiff that he must pay copy costs of $1.00 for each photograph and a postage fee of $.69 (ECF No. 9 at 21).

On May 28, 2019, Plaintiff sent a third request for the photographs (*see* ECF No. 1-1 at 31, 33–36). On June 12, 2019, Deputy Clerk "KK" sent a response informing Plaintiff that he must pay copy costs of $1.00 for each photograph and a postage fee of $.55 (ECF No. 9 at 23).

## IV. DISCUSSION

Plaintiff claims that Defendants interfered with his ability to prosecute his post-conviction appeal in Second DCA Case No. 2D18-4259. It is settled law that interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983.[4] *See Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52

---

[4] Although Plaintiff asserts Defendants' conduct also violated his Eighth, Thirteenth, and Fourteenth Amendment rights, his access-to-courts claims are properly analyzed under the First Amendment. *See, e.g., Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) (if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process).

L. Ed. 2d 72 (1977); *Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991). To successfully allege a constitutional violation based upon a denial of access to courts, Plaintiff must specifically show how he was actually harmed or prejudiced with respect to the litigation in which he was involved. *Lewis*, 518 U.S. at 349. The injury requirement is not satisfied by just any type of frustrated legal claim; a plaintiff must show that he was prejudiced in a criminal appeal or post-conviction matter, or in a civil rights action seeking "to vindicate 'basic constitutional rights.'" *Id.* at 354–55 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974) ). Furthermore, the plaintiff must allege **actual** injury "such as a denial or dismissal" and show that presentation of his case was impeded because of Defendants' actions. *Wilson v. Blankenship*, 163 F.3d 1284, 1290–91 (11th Cir. 1998) (citing *Lewis*); *see also Bass v. Singletary*, 143 F.3d 1442, 1445–46 (11th Cir. 1998).

Additionally, a plaintiff cannot show an injury unless he shows that the case he was unable to pursue had arguable merit. *Lewis*, 581 U.S. at 353 n.3; *Wilson*, 163 F.3d at 1291. The plaintiff's § 1983 complaint "must identify a 'nonfrivolous,' 'arguable' underlying claim." *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002). More specifically, the § 1983 complaint must

describe the underlying claim "well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010); *accord Christopher*, 536 U.S. at 415 ("[T]he underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.").

Here, Plaintiff has not shown that any Defendant's conduct caused his post-conviction appeal to be denied. With respect to the officers' failure to collect the legal mail on November 15, 2018, and the use of force during the early morning hours of November 16, Plaintiff cannot show actual injury, because he eventually filed the motions he was prevented from filing (i.e., his motions for more time and a continuance) in Second DCA Case No. 2D18-4259; indeed, he filed them two months prior to the Second DCA's rendering a final decision in the case (*see* attached Second DCA Docket, Case Number 2D18-4259). The Second DCA denied Plaintiff's motions on the same day the court affirmed the lower court's decision (*see id.*). Further, as the Second DCA advised Plaintiff in its order of October 26, 2018, the filing of a brief was optional. Under the applicable state appellate rule, the Second DCA was required to review the entire record to determine whether it

conclusively showed that Plaintiff was not entitled to relief, regardless of whether Plaintiff filed a brief. *See* Fla. R. App. P. 9.141(b)(2).

Additionally, Plaintiff has not shown that his appellate argument was nonfrivolous. Plaintiff apparently wished to submit argument on a *Brady v. Maryland*, 373 U.S. 83 (1963) claim, which he presented in his post-conviction motion in the lower court (*see* ECF No. 9 at 19). Plaintiff claimed the State violated *Brady* by intentionally or negligently failing to disclose the following evidence to the defense: (1) evidence that Plaintiff was carrying condoms at the time of his arrest, and (2) photographs (*see id.*).

To establish a *Brady* violation, a defendant must prove three essential elements: (1) that the evidence was favorable to the defendant, either because it is exculpatory or impeaching; (2) that the prosecution suppressed the evidence, either willfully or inadvertently; and (3) that the suppression of the evidence resulted in prejudice to the defendant. *See Turner v. United States*, — 582 U.S. —, 137 S. Ct. 1885, 1893, 198 L. Ed. 2d 443 (2017).

With respect to the condoms, the state circuit court rejected Plaintiff's *Brady* claim on the ground that Plaintiff was aware that he possessed condoms at the time of his arrest, so the information was not withheld from him (*see* ECF No. 9 at 19).

The state court further determined there was nothing to support the assertion that evidence of the condoms would exculpate Plaintiff or impeach any witness at his criminal trial (*id.*). With respect to the photographs, the state court rejected the *Brady* claim on the ground that the state court record demonstrated that the defense was provided photographs during discovery; and any claim that the State withheld other photographs was speculative (*id.*).

Plaintiff does not allege he would have asserted any different arguments to the Second DCA than he asserted in the lower court, let alone that his additional arguments were nonfrivolous. Further, Plaintiff does not allege how the three photographs admitted as trial exhibits in his criminal trial would have supported his *Brady* claim.

Plaintiff's factual allegations do not suggest that any Defendant's conduct actually harmed or prejudiced him in his post-conviction appeal. Therefore, he has not stated a plausible access-to-courts claim against any Defendant.

Moreover, Plaintiff cannot recover the relief he seeks. He seeks compensatory and punitive damages against Defendants in their individual capacities (ECF No. 9 at 16). However, he is statutorily barred from seeking punitive or compensatory damages, because his constitutional claims do not assert that he

suffered any physical injury, which is required under 42 U.S.C. § 1997e(e). *See Al-Amin v. Smith*, 637 F.3d 1192, (11th Cir. 2011) (state prisoner could not seek punitive damages relief on his § 1983 claim that his First Amendment rights were violated when prison officials opened his privileged attorney mail outside of his presence, because prisoner's constitutional claim did not assert a physical injury, as required for punitive damages under § 1997e(e)); *Smith v. Allen*, 502 F.3d 1255, 1271 (11th Cir. 2007) (prisoner's claim for compensatory and punitive damages for alleged violations of the First and Fourteenth Amendments was precluded by § 1997e(e)).

As a final matter, it is unclear whether Plaintiff intends to assert any additional constitutional claim (besides the access-to-courts claim) against Defendant Captain "B" based upon Captain "B's" use of chemical agents on November 16, 2018. As Plaintiff's intent is ambiguous, the undersigned recommends that this claim be dismissed without prejudice to Plaintiff's clearly asserting it a second amended complaint.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's claims against Defendant Captain "B" be **DISMISSED** as follows:

  a. Plaintiff's access-to-courts against Defendant Captain "B" be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1);

  b. Plaintiff's excessive force claim against Defendant Captain "B," to the extent Plaintiff asserts one, be **DISMISSED without prejudice** to Plaintiff's clearly asserting it in a second amended complaint;

 2. That Plaintiff's claims against the remaining Defendants (Defendants Inch, Britton, Stewart, "P.R.," "M.T.," "M.S.," and "K.K.") be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

At Pensacola, Florida, this 9th day of March 2020.


      /s/ *Elizabeth M. Timothy*
      **ELIZABETH M. TIMOTHY**
      **CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or**

Case No.: 3:19cv3591/LAC/EMT

**recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:  3:19cv3591/LAC/EMT