UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY D. WHITE,
    Plaintiff,

vs.                                        Case No.: 3:19cv3591/LAC/EMT

CAPTAIN HENLEY,
a/k/a CAPTAIN B,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Defendant's motion to dismiss (ECF No. 47). Plaintiff Anthony D. White (White) filed a response in opposition to Defendant's motion (ECF No. 53).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Upon consideration of the parties' submissions and arguments, and the relevant law, the undersigned concludes that Defendant's motion to dismiss should be granted.

I.    BACKGROUND

White was housed at Walton Correctional Institution Annex at the time of the events underlying this action (*see* Second Amended Complaint, ECF No. 18 at 2, 5–6). In the Second Amended Complaint, which is the operative pleading, White brings an Eighth Amendment claim against Defendant Captain Henley (*id.* at 5–7). White claims that Henley used excessive force against him on November 16, 2018, by "unjustly" applying chemical agents (*id.*). As relief, White seeks compensatory damages (*id.* at 7).

Defendant Henley filed a motion to dismiss the Second Amended Complaint on the ground that White failed to exhaust administrative remedies prior to commencing this lawsuit (Motion to Dismiss, ECF No. 47). Henley submitted copies of the administrative grievances in White's inmate file, which White filed from the date of the alleged use of force to the date he commenced this case (Mot. to Dismiss, Exs. A, B). In White's response, he references grievances he previously submitted with other filings in this case and argues that the grievances demonstrate he exhausted his administrative remedies (Resp. to Mot. to Dismiss, ECF No. 53).

## II.   DISCUSSION

Under the Prison Litigation Reform Act (PLRA), "[n]o action shall be brought with respect to prison conditions under section 1983 until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[W]hen a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit."  *Bryant v. Rich*, 530 F.3d 1368, 1372–73 (11th Cir. 2008) (internal quotation marks and citation omitted).  Exhaustion of administrative remedies serves two main purposes:  first, it protects administrative agency authority, in that it gives an agency an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court, and it discourages disregard of the agency's procedures; and, second, it promotes efficiency, in that claims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.  *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006).

"[A] defense of failure to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).  "As a result, deciding a motion to dismiss

for failure to exhaust administrative remedies is a two-step process." *Id.* "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*

Second, "[i]f the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citation omitted). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id.* (citations omitted). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

The relevant administrative grievance process in the instant case is the FDOC's grievance procedure set for in § 33.103.001–.019 of the Florida Administrative Code. The FDOC's grievance procedures generally require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the

Case No.: 3:19cv3591/LAC/EMT

Office of the Secretary (Central Office). *See* Fla. Admin. Code r. 33-103.005 to 33-103.007; *see also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010).[1]

Defendant asserts White submitted only one appeal to the Central Office between the date of the alleged use of force (November 16, 2018) and the date White commenced this case (September 24, 2019), Grievance Log No. 19-6-24691, which appealed an informal grievance, Grievance Log No. 103-1906-0120 (Mot. to Dismiss at 7; attached Declaration of Brittany Blanton ¶ 2; attached grievances). Defendant contends the appeal did not relate to the use of force at issue in this lawsuit (*id.*).[2]

White contends he satisfied the exhaustion requirement by filing an informal grievance, Grievance Log No. 108-1811-0280; a formal appeal, Grievance Log No. 1904-103-014; and an appeal to the Central Office, Grievance Log. No. 19-6-09600

---

[1] For certain categories of grievances, none of which are involved here, an inmate may bypass the informal grievance step and file his initial grievance with the warden or the Central Office. *See* Fla. Admin. Code r. 33-103.005(1).

[2] In the informal grievance, Grievance Log No. 103-1906-0120, White complained that he received an "illegal" disciplinary report relating to secondhand smoke (*see* Mot. to Dismiss, Ex. B). White's appeal to the Central Office, Grievance Log. No. 19-6-24619, was returned without action for a variety of reasons, including untimeliness and failure to attach a formal grievance (*id.*).

Case No.:  3:19cv3591/LAC/EMT

(Resp. to Mot. to Dismiss at 1–2; attachments to Compl., ECF No. 1-1 at 12–15; *see also* ECF No. 46 at 17–19, 22).

The record demonstrates that on November 21, 2018, White filed an informal grievance, Grievance Log No. 108-1811-0280, in which he complained that on November 15, 2018, the prison staff at Walton C.I. failed to collect his outgoing legal mail (attachments to Compl., ECF No. 1-1 at 13). On November 29, 2018, a prison official approved the grievance, stating that due to security operations on that day, legal mail had to be rescheduled (*id.*).

On February 27, 2019, White directed a request for administrative remedy or appeal to the Central Office, Grievance Log. No. 19-6-09600 (attachments to Compl., ECF No. 1-1 at 12–14). The grievance bears a date stamp indicating it was received by the Central Office on March 8, 2019 (*see id.*). The grievance also bears a formal grievance number, 1904-103-014, and a date stamp indicating that it was received by the Assistant Warden of White's institution on April 2, 2018 (the year of the date stamp appears to be a clerical error) (*id.*). Also on April 2, 2018 (again, a clerical error), the Assistant Warden received White's request for administrative remedy or appeal directed to the warden, which also bears Grievance Log No. 1904-103-014 (*see* ECF No. 46 at 17–18). In both of these grievances/appeals, White

Case No.:   3:19cv3591/LAC/EMT

complained that the approved informal grievance, Grievance Log No. 108-1811-0280, did not remedy the issue (*see* ECF No. 1-1 at 12–14; ECF No. 46 at 17–18, 22). White complained that Walton C.I.'s failure to process his legal mail violated Florida Administrative Code rule 33-501-301(3) (governing law library access) and the Thirteenth and Fourteenth Amendments (ECF No. 1-1 at 12, 14; ECF No. 46 at 17–18). White complained that when prison officials violate FDOC rules and the Thirteenth and Fourteenth Amendments, it "incites disorder, even criminal offenses" (ECF No. 46 at 18; *see also* ECF No. 1-1 at 12, 14).

White did not submit a copy of any response from the Central Office to Grievance Log No. 19-6-09600.

On April 4, 2019, the Warden and Assistant Warden responded to formal Grievance Log No. 1904-103-014 as follows:

> Your grievance has been received and evaluated and the following has been determined. Your issue was resolved with the rescheduling of your callout. Due to the circumstances of your incarceration, courts allow amendable time frames due to security operations.
>
> In accordance with Chapter 33-103.014, based on the above information, your grievance is RETURNED WTIHOUT PROCESSING.

(ECF No. 1-1 at 15; ECF No. 46 at 19).

Here, the exhaustion issue may be resolved at the first stage of the *Turner* analysis. Viewing the facts in the light most favorable to White, it is evident that White never grieved the issue of Captain Henley's use of chemical agents on November 16, 2018. Defendant Henley satisfied his burden of demonstrating that White did not exhaust his excessive force claim. Therefore, the motion to dismiss should be granted, and this case dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, it is respectfully **RECOMMENDED**:

1. That Defendant's motion to dismiss (ECF No. 47) be **GRANTED** and this case **DISMISSED** for failure to exhaust administrative remedies, pursuant to 42 U.S.C. § 1997e(a).

2. That the clerk of court be directed to close this case.

At Pensacola, Florida this 1st day of December 2020.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.:   3:19cv3591/LAC/EMT